## PIKE *vs.* JENKINS & a.

In a prosecution on a penal statute, where there is any limitation as to the time within which suit must be brought, it need not be pleaded in defence, but may be given in evidence under the general issue.

The act of limitations of January 26th, 1790, applies to subsequent as well as prior penal statutes.

Pike *v.* Jenkins.

The act imposing a penalty of one hundred dollars on the selectmen if they neglect to procure scale beams, and weights and measures, for the town, gives the full term of their official year to obtain such supply, and for their neglect in such duty they can be liable only in one penalty.

Where the declaration alleged that the selectmen had neglected to obtain measures similar to those provided by the state—*Held*, that the similarity alleged would be construed to apply only to similarity in capacity and weight, as required by statute, and that the declaration was not bad for that cause.

The provision that weights and measures may be of such materials as the towns shall think proper, does not relieve the selectmen from their liability to procure them.

The supply of weights and measures must be permanent, and if lost they must be replaced.

Courts are not to narrow the construction of penal statutes, but are to give effect, as near as may be, to the plain meaning of words; and where they are doubtful, are to adopt the sense that best harmonizes with the context and the apparent policy and objects of the legislature.

DEBT *qui tam*, against the defendants, as selectmen of the town of Madbury, for the years 1837 and 1838, to recover penalties for alleged neglect of duty on their part, in those years, in not providing the town with a complete set of weights and measures, and a scale beam, similar to those owned by the state of New-Hampshire on the 15th of December, 1797, as is required by statute of that date. The writ was dated on the 6th of July, 1839.

Two of the counts were for penalties which occurred prior to the 6th of July, 1838. Plea, *nil debet.*

On trial it appeared that the defendants were duly elected and qualified as selectmen of Madbury, and acted as such during the years 1837 and 1838, and that during that time the town was not provided with a complete set of weights and measures, similar to those owned by the state of New-Hampshire on the 15th of December, 1797.

It appeared, on the part of the defendants, that in 1798 the selectmen of the town of Madbury furnished, for the use and at the expense of the town, one complete set of weights and measures, and scale beam, such as is required by statute, and delivered them to the sealer of weights and measures of the

town, and they were kept by him and his successors in office, entire, and duly sealed, until near the time when the defendants were elected to office, when, by the negligence or carelessness of the sealer, the weights and measures, or most of them, were lost or destroyed. No evidence was offered to show whether the selectmen had any knowledge or not of their loss, or that the town was not duly provided with them.

On these facts it was agreed that the court might direct such judgment as law and justice might require.

*Christie,* for the defendant. 1. The counts in the plaintiff's writ, for neglect in supplying the town more than one year prior to the date of the writ, are barred by the statute of limitations. We plead in this case the general issue; but this exception is open to us, in a penal suit, on such plea. 1 *Chit. Pl.* 481; 2 *East* 336, *Lee* vs. *Clarke;* 2 *Saunders* 63, *a, n.;* 4 *Bur.* 2284, *Sutton* vs. *Bishop.*

2. It is difficult to tell when the neglect commences. The penalty is not for a given term of time. The act provides merely, if a set of weights is not provided, there is a forfeiture of one hundred dollars. There can be but one forfeiture.

3. The declaration alleges, in the counts not barred by the statute, that the defendants neglected to provide weights and measures " similar to those owned by the state in 1797 ;" but this is not required. It is not necessary that the weights and measures of the town should be similar to those belonging to the state, except in capacity and weight. In other respects they may be unlike, except that the liquid measures must be of metal. The declaration, therefore, requires more than the act, and is bad for this cause.

4. Towns are bound to furnish only one set of weights and measures, and when this has been done they are not subject to farther liability under the statute.

5. The selectmen are bound by statute to provide weights and measures " of such materials as the town shall think proper," except that the liquid measures must be of some

description of metal; and, until the town gives directions in this respect, the selectmen are not bound to act.

*Hale,* for the plaintiff. A portion of the counts in the declaration are not subject to the exception of the statute of limitations.

The allegation in the writ, that the town is to provide weights and measures similar to those owned by the state, does not mean that they are to be precisely like them. The action is founded on the 9th section, and the neglect is alleged in the words of the statute.

The selectmen are holden responsible for the supply, and not the towns, though the town may give directions as to the materials.

UPHAM, J. In this case the defendant, among other grounds of defence, relies upon the statute of limitations to a portion of the plaintiff's claim. His plea is *nil debet,* but it is well settled that if there be any limitation with respect to the time within which an action on a penal statute is to be brought, the defendant need not plead the matter in defence, but may avail himself of it on the general issue. 13 *Pet. Ab.* 296, *and authorities cited ;* 3 *Stark. Ev.* 1129 ; *Bul. N. P.* 225 ; 2 *Roll. Ab.* 683 ; 1 *Chit. Pl.* 481. The same point is directly decided in *Moore* vs. *Smith, 5 Greenl.* 490, which was a *qui tam* action on a suit for a penalty.

The act limiting suits on penal statutes passed prior to the act on which this suit is founded; but it is a permanent law, applicable to all forfeitures " upon any penal statutes made, or to be made ;" and provides that all suits which shall be had, brought, sued or commenced by any person who may lawfully pursue the same, the benefit whereof belongs to him in whole or in part, shall be commenced within one year from the time of committing the offence, and not afterwards.

The provisions of this act are the same as that of 31 *Eliz.,* *chap.* 5, which has been holden in repeated instances to ex-

Pike *v.* Jenkins.

tend to subsequent, as well as prior penal statutes. 3 *Maule & Sel.* 429, *Barber* vs. *Tilson ;* 5 *Taunt.* 754, *Wynne* vs. *Belman ;* 2 *Chit.* 420, *Whitehead* vs. *Wynne.*

The statute of limitations, then, is a good defence under the general issue, to that portion of the plaintiff's claim accruing more than one year prior to the date of his writ. The writ is dated the 6th of July, 1839. That portion of the plaintiff's claim charging neglect on the defendants from March, 1838, to March, 1839, is within the year, and is not barred by the statute.

There can be but one penalty assessed against any board of selectmen. They have their entire official year to make the provision required, and cannot be guilty of the offence of neglecting their duty in this respect until their year has terminated. Their office expired in March, 1839, four months prior to the suit ; and their liability to a forfeiture then became fixed, if they had not complied with the provisions of the statute. Various exceptions are, however, taken on other grounds, against the maintenance of the suit.

The declaration alleges that the defendants neglected to procure for the town a complete set of weights and measures, and a scale beam, *similar to those owned by the state on the 15th of December,* 1797 ; and it is contended that the statute does not require them to procure a *similar set* of weights and measures, as it is left to the selectmen to procure measures of such materials as the town shall think proper, " provided the liquid measures are of some kind of metal."

This is so ; but the statute requires the weights and measures provided by the town to compare with the legal standard, in capacity and weight ; and the similarity alleged in the writ need not be regarded as extending to other particulars. It is not necessary that they should be similar in all respects. Besides, the declaration alleges generally that no weights and measures were provided, as is required by the statute. In either point of view we think the declaration sufficient.

A farther exception taken in this case is, that the act requires the town to purchase only one complete set of weights and measures, and that no provision is made to supply their loss. If this be so, the plaintiff cannot recover, as one complete set of weights and measures were provided by the town; but, through the negligence of the sealer of weights and measures, have been lost or destroyed.

The words of the statute are, that " the selectmen of every town in this state shall provide one complete set of weights and measures." Does this mean that they shall *once* provide a complete set, and that ever afterwards the succeeding boards of selectmen shall be exonerated from all duty on this subject; or that the selectmen shall at all times provide and keep a complete set of weights and measures, for the uses and purposes named in the act? It seems to me the latter is altogether the most natural construction.

The act provides, in subsequent sections, that each town at its annual meeting shall choose a sealer of weights and measures, who shall, in May of each year, notify the citizens of the town, by public notice, to bring in their weights and measures, to be compared with the town standard, and sealed; and such officer is liable in a heavy penalty if he neglects his duty in this respect.

The act also provides that the town standards shall be compared with the county standards, and proved and tried from time to time, at the end of every five years. The intention, then, of the legislature would seem to be, to require the selectmen to provide a set of weights and measures, to meet the other provisions of the act. In other words, that the obligation resting on the selectmen should be permanent and perpetual; and such is the construction we affix to it.

An exception is also taken, that the selectmen of the town are not bound to the discharge of any duty under the statute, until there has been some action had on the part of the town specifying the material of which the weights and measures shall be constructed.

By the act, the town may determine the material of which the weights and measures shall be made. It provides, however, that if the selectmen neglect to comply with their duty in procuring weights and measures, and a scale beam, as by the act is required, they shall forfeit the sum of one hundred dollars—"the one half for the use of the county, and the other half for the use of the person who shall sue for the same."

The duty of providing weights and measures is directly imposed upon the selectmen. The town can direct, if they please, as to the material; but this does not exempt the selectmen from the discharge of their duty. No provision is made rendering the town liable to fine or indictment, if it neglect to act upon the subject; and yet a heavy fine is imposed on the selectmen for neglect on their part. The burthen is thus shown to rest upon them. They may consult the town, if they please; but if the town do not act, the selectmen must go forward, and discharge their duty, independent of the town.

Such we conceive to be the intention of the act. We have no wish to extend its provisions. We design to construe it strictly, and to give no effect to it beyond what we consider to be its plain and obvious meaning. To such extent, though it is a penal statute, we are bound to construe it. Mr. Justice Buller remarks, in *Rex* vs. *Inhabitants of Hodnett*, 1 *D. & E.* 101, that "it is not true that courts in the exposition of penal statutes are to narrow their construction. We are to look to the words in the first instance; and when they are plain, we must decide on them; if they be doubtful, we must then have recourse to the subject matter." And Mr. Justice Story, in *United States* vs. *Winn*, 3 *Sumner* 209, observes, " in consulting penal statutes the proper course is to search out and to follow the true intent of the legislature, and to adopt that sense which harmonizes best with the context, and promotes, in the fullest manner, the apparent policy and objects of the legislature."

We are of opinion that the exceptions taken in this case must be overruled, and that judgment be rendered upon the fourth count in the declaration, for the sum of one hundred dollars—the one half to the use of the plaintiff, the other half to be paid into the county treasury.