# REPORTS.

## STRAFFORD,

### DECEMBER TERM, A. D. 1851.

---

### FOWLER & a. vs. TUTTLE.

The certificates of attestation upon the copies of an appeal are not parts of the copies, and are not to be computed as such, in estimating the copies for which the magistrate making them is entitled to compensation.

The magistrate is entitled, under the statute, to ten cents only for one certificate on a copy of the whole case.

In estimating the pages of the copy of a case for which the magistrate is entitled to compensation, the whole number of words of the entire copy is to be ascertained by a count, and that number is to be divided by 224—the number of words constituting a page—and the quotient will give the number of entire pages, for which compensation is to be made at twelve and a half cents per page; and if there be a remainder of any number of words less than 224, they are to be estimated as a part of a page, and eight cents are to be paid therefor.

It will furnish no ground for setting aside a verdict and granting a new trial, that the ruling of the court was erroneous, if it were, at the same time, too favorable to the party taking the exception.

Where it was alleged, in the first paragraph in the declaration, that upon the rendition of a judgment and a claim of appeal therefrom, the magistrate granted an appeal, and took the recognizances of the party appealing and his sureties, and in a separate and independent paragraph was alleged the preparation and furnishing of the copies of the case by the magistrate, and the last named paragraph contained also the further allegation, namely, " for which services said T., (the magistrate,) was entitled to demand and receive the sum of one dollar and fifty-eight cents, and for the certificate on the whole case ten cents, and no more ;" it was *held*, that the relative, " which services,"

Fowler v. Tuttle.

referred only to the services previously specified in the same paragraph, namely, the preparation and furnishing of the copies; and it being averred in the third paragraph of the declaration, that the said T. did knowingly, &c., demand and take a greater fee "for said services," than by law he was entitled, to wit, the sum of $2,50, it was *held*—that the term "said services" in this paragraph referred to and embraced only the services mentioned in the next preceding paragraph, namely,—the preparation and furnishing of the copies and the certificate in the whole case.

Where it was alleged that the magistrate was entitled to receive the sum of $1,58 for the copies of the case, and for the certificate ten cents, and it appeared in evidence that he was entitled to receive $2,02½, it was *held*—that the variance was immaterial; it being averred and proved that the magistrate demanded and received a greater sum than he was by law entitled to receive, and the penalty not being graduated by the amount of the excess taken.

*Semble*, that where the particular statute giving the penalty, limits the time within which the action for the recovery of it shall be commenced, although it is usual to aver that the offence by which it was incurred was committed within such time, yet the averment is not material, and its omission will not vitiate the declaration.

So, also, is the law where the limitation is contained in some statute other'than that giving the penalty. It is a matter of defence properly coming from the defendant.

The reception of illegal fees for the copies of a case by the attorney who made them at the request of the magistrate, subsequently assented to by the magistrate, and recognized by him as being done by his authority, will be regarded as the act of the magistrate, and will subject him to the penalty, in the same manner as if the fees had been received by him in person.

Where the magistrate in such a case may have acted under some mistake or misapprehension, the burden of proof is on him to show it.

Where a verdict was agreed upon, and not returned into court on the same day, and one of the jurors, on the following morning, before the verdict was declared in court, in reply to an inquiry made by his brother as to the result of the cause, stated to him that it had gone in favor of the plaintiffs—it was *held*, that it furnished no sufficient ground for setting aside the verdict.

An action for the recovery of a penalty for taking unlawful fees, founded upon section 25, chap. 229 of the Revised Statutes, cannot be maintained in the names of two persons sueing as co-partners, and a motion in arrest of judgment for that cause will be sustained.

DEBT, for the penalty of taking illegal fees. The action was commenced Nov. 17, 1848.

The declaration alleged that on the 22d of July, 1848, the defendant was a justice of the peace; that a writ of summons, issued in favor of one Hitchcock against these plaintiffs, return-

able before him Aug. 12, 1848, and on the 9th of Sept., 1848, judgment was rendered in favor of Hitchcock, "from which judgment said Fowler and Plummer then claimed an appeal," &c., "which said appeal said James Tuttle, Jr., then granted, and took their recognizance with sureties to prosecute said appeal. And the said Fowler and Plummer further say, that afterwards, to wit., on the said 9th day of September, they requested said James Tuttle, Jr., (justice of the peace as aforesaid,) to prepare and furnish them attested copies of all papers used and filed in said cause on the trial in his said court, which copies the said James Tuttle, Jr., did afterwards, to wit., on the 13th day of November, 1848, furnish and tender to said Fowler and Plummer: for which services said James Tuttle, Jr., was by law entitled to demand and receive the sum of one dollar and fifty-eight cents, and for the certificate on the copy of the whole case, ten cents, and no more. Yet the same James Tuttle, Jr., not regarding the statute in such case made and provided, nor fearing the penalties therein contained, did knowingly and unlawfully demand and take a greater fee for said services than by law he was entitled to, to wit., the sum of two dollars and fifty cents, contrary," &c., "whereby," &c.

Upon the plea of *nil debet,* the plaintiffs introduced evidence tending to show the suit and rendition of the judgment stated in their writ, the appeal and recognizance, the request to the justice to furnish the copies needed on the appeal, his assent to furnish them, and a suggestion that when they were made he would leave them at the attorney's office, where the writ was made; that afterwards the said attorney gave notice to the plaintiffs' agent that the copies were ready. The plaintiffs' agent objected to the charge made for the copies, but any deduction being refused, he paid for the copies two dollars and fifty cents, and this sum was marked on the envelope of the copies, on which was written the justice's certificate on the copy of the whole case. It appeared that the copies were made by the attorney who brought the action against Fowler and Plummer, in pursuance of a standing agreement between him and said Tuttle, that

he should make the copies required in his actions, and should receive one half the price charged for them for the service, and the said justice should have the other half. The said attorney testified that when he delivered said copies to the plaintiffs' agent, he took therefor what he believed to be a legal price; that the defendant certified said copies at his office; that there was never any conversation between said defendant and himself as to any price for said copies, nor did said defendant ever authorize him in any manner to receive any sum therefor; that the next day after he received said sum for said copies, he paid the defendant one dollar and twenty-five cents for one half of the price received for said copies, and after said payment, in conversation with said defendant, he told him how much he did receive therefor, and that it was no more than the legal fee.

The plaintiffs' evidence tended to show that their agent, on the day he paid for the copies, called on the defendant, and the defendant then admitted that the signature upon the papers was his; that the charge of two dollars fifty cents was his charge for the copies; that he authorized the said attorney to receive that sum, and promised to give a bill of particulars of the fees, but had never done it.

The copies for which said two dollars and fifty cents were paid, were as follows:

1. The writ, 316 words.

In this was included the certificate of the justice at the bottom, thus: "a true copy, attest," &c., 10 words; the endorsement, 9 words, and justice's certificate as above, 8 words, the numbering, 3 words, and filing, 8 words.

2. The account annexed to the writ, 44 words, and justice's certificate as above, 11 words,—in all, 55 words.

3. The officer's return on the writ, 71 words; justice's certificate as above, 9 words,—in all, 80 words.

4. The defendant's plea, 280 words; justice's certificate, 11; filing, 7; numbering, 3,—in all, 294 words.

5. The first replication, 134 words; justice's certificate, 11, —in all, 145 words.

Fowler v. Tuttle.

6. The second replication, 156 words ; justice's certificate, 11 ; filing, 7 ; numbering, 3,—in all, 177 words.

7. Judgment, 1404 words ; certificates, 22 ; filing, 9 ; numbering, 3,—in all, 1438 words.

8. Plaintiffs' costs, 87 words ; certificate, 11; filing, 10 ; numbering 3,—in all, 111 words.

9. Defendant's costs, 41 words ; certificate, 11; filing, 10 ; numbering, 3,—in all, 65 words.

10. Recognizance, 251 words ; certificates, 20 ; filing, 7 ; numbering, 3,—in all, 281 words.

11. Certificate on the copy of the whole case, ten cents.

The defendant's counsel contended that the certificates of the justice at the foot of these copies in this form, " a true copy, attest, James Tuttle, Jr., justice of the peace," were not to be taken as a part of the copies to which they were attached ; but were separate documents, each of which was to be estimated as a fractional page, at eight cents.   But the court ruled, they were to be computed merely as a part of the copies.

The said counsel also contended, that if any paper of said copies contained more than 224 words, and less than 448 words, the same should be taken as two pages, but the court ruled that the same should be taken as one page and a part of a page, and no more.

The same counsel contended that in computing the " services" for which it was declared in the writ that $2,50 was paid, the granting the appeal and taking the recognizance were to be included, but the court ruled otherwise.

He also contended that the allegation in the writ, that the defendant was entitled to receive for the " service" one dollar fifty-eight cents, and no more, was material, and that (the evidence showing that the defendant was entitled to receive for said copies at least $2,02½,) the variance was material and fatal. But the court held that the variance was not material, and might be disregarded.

He also contended that the plaintiffs did not in their writ allege that the said fee of $2,50 was taken and received within

one year next before said suit was brought, nor at what time the same was taken and received. But the court held the allegation sufficient.

He also contended that this action cannot be maintained in the name of more than one person, nor in favor of a co-partnership; but the court overruled the objection.

The court charged the jury, that if said defendant, after the attorney had received the said $2,50, assented thereto, and recognized the same as received by said attorney by his authority, they should regard it the same as if it had been received by the defendant in person; that in that case, unless said sum was received by the defendant under some mistake or misapprehension of facts, he was liable to the penalty of fifty dollars; that he was bound to know the law, and if he received the sum from misapprehension or mistake, he must show it.

To these several rulings and charge the defendant excepted.

The jury found a verdict for the plaintiffs, and the defendant moved for a new trial, and in arrest of judgment, by reason of said exceptions, and also that the verdict be set aside, because after the jury who tried the cause had agreed upon the verdict, and before the same was returned into court, one of the jurors, on the morning of the following day, while at breakfast at his brother's house, on being asked by his brother in reference to the cause which was on trial the day before,—whether it was finished, and which party got the better, replied that it had gone in favor of the plaintiffs.

*Christie & Kingman*, for the plaintiffs.

To the point first urged by the defendant, we say, that there is no necessary restriction, by the terms of the statute, to a *single person.* " The word *person* may be construed to mean bodies corporate and politic;"—Rev. Stat., chap. 1, § 8; and " the singular may be applied to more than one person." Rev. Stat., chap. 1, § 1. Unless, therefore, some wrong has been done in *this case*, or a dangerous precedent would be established by sustaining it, the court will not set aside the verdict. And

what evil can possibly arise from permitting a partnership, against which an act of extortion has been practiced, to maintain a suit for the penalty ?  It can be no worse for the defendant, and no more likely to lead to malicious prosecutions.

But in a civil action, where an injury has been done to parties in a joint capacity, they must sue jointly.   17 Mass. Rep. 184 ; 1 Saund. Rep. 291 ; 1 Saund. Pl. & Ev. 426 ; and an action for a penalty under the statute " is in all respects a *civil action.*" Gould's Pl., ch. IX, § 11; Com. Dig., Action upon Statute, E, 1, note 1, page 449 ; Cowp. 382.

" It is usual, though *unnecessary*, where the particular statute limits the time within which the action should be brought, to aver that the offence was committed within such time."   2 Saund. Pl. & Ev. 410, (830) ; 2 East 340, 360 ; 1 Chit. Pl. 372, (Ed. 1840.)

" The want of averring *time* and place, is in every case a ground of *special* demurrer *only.*"   Com. Dig., Pleader Q, 7 ; 10 East 359.   " It is an invariable rule, that no defect, which would not have been fatal on *general* demurrer, can ever be a sufficient cause for arresting judgment."   Gould's Pl., ch. X, p. 11 ; 1 Chit. Pl., 673, (Ed. 1840.)   " If in an action of trespass, the declaration omits to lay the trespass on any particular *day*, but the defendant pleads to issue, and a general verdict is found against him, the declaration is cured by the verdict."   Gould's Pl. ch. X, § 15 ; Bacon's Abr., Verdict, X ; 2 Salk. 662 ; 5 Mod. 287 ; Carth. 389; 3 Black. Com. 394.

The advice of the attorney is not conclusive evidence that the defendant did not *know* the charge was illegal.   9 Met. 268. Besides, the evidence for the plaintiffs was, that *he made the charge* for the copies *himself*, and directed the attorney to receive the money *for him*.   But the *evidence* in the case has been once passed upon by the jury, and is not now open for argument by the defendant.

" Where an averment admits of two intendments, that shall be preferred which will support the pleading."   Com. Dig.,

Pleader C, 25. The ambiguity of the word *services* can mislead no one on a fair construction of the language used. But the case finds that the proof confined the *services* to *making* the copies, and that the money, ($2,50,) was received for the same, and the court will so intend *after verdict :* for otherwise no verdict could have been found for the plaintiffs under the ruling of the court. " In general, uncertainty is only matter of form, and will be aided by verdict." 1 Chit. Pl. 677. " A verdict will cure ambiguity." Com. Dig., Pleader S, 47 ; Cowp. 826 ; Doug. 683 ; 4 Mass. 437.

We contend that as the justice is allowed by statute a specific sum for " a certificate on the copy of the whole case," he should not make *two separate* certificates on each *separate* paper, and charge for half a page each. In this case the justice has made *thirteen* certificates besides the one on the copy of the whole case.

But the certificates are no part of the papers *copied,* and should not be charged for at all, as the statute allows fees *only* for words copied, and a certificate on the whole case. The language is, " for each page of 224 words *copied* or recorded." Rev. Stat. 471. This leaves no margin for *numbering, filing, certificates,* and voluntary additions to the original papers.

We insist, also, that the *recognizance* is not one of the papers " used and filed on the trial," and should not be included among the papers. The statute does not require it, and it is of no use or service on the appeal.

The allegation that the defendant was entitled to receive only $1,68, is immaterial. The gist of the action is, *was* $2.50 *too much?* See the same allegation in *Livermore* v. *Boswell,* 4 Mass. 437 ; see, also, forms, 2 Chit. Pl. 502. But " where quantity, extent, or value are brought into issue, it is not necessary that the proof should correspond with the averment." 1 Saund. Pl. & Ev. 415 ; Steph. Pl. 318. We contend that the proper way to charge for copies of any kind, is, to find the whole number of words *copied,* and divide the sum by 224 ; then each page is allowed 12½ cents, and the fraction, if any, 8 cents.

If this method is correct, then the allegation in the writ will be in. accordance with the proof.

As to the disclosure of the verdict by the juror, *McIlvaine* v. *Wilkins*, 12 N. H. Rep. 476; *Dorr* v. *Fenno*, 12 Pick. 520.

*J. S. Wells*, for the defendant.

A penal statute is to be construed strictly. The statute upon which this action is based, (Rev. Stat., ch. 229, § 25,) in terms restricts the action to *a single person*. 1 Bl. Com. 88; 2 Hawk. C. 25, § 103; 1 Hawk. C. 70, § 26; *Dagget* v. *Connecticut*, 4 Conn. Rep. 60; *U. S.* v. *Sheldon*, 2 Wheat. 119; *Rice* v. *Carnes*, 8 Mass. 490.

All suits or prosecutions, founded upon any penal statute, which are wholly or in part for the use of the prosecutor, shall be brought within one year after the commission of the offence. Rev. Stat., p. 430, § 9. The time when the offence was committed is material, and should be alleged. Wharton's Dig. 72, 3, 4.

An indictment not alleging any time at which the offence was committed would be bad. Hawk. P. C., b. 2, ch. 25.

The declaration alleges that the defendant did *knowingly and unlawfully* demand and take a greater fee for *said services* than by law he was entitled to, to wit., the sum of $2,50.

This evidence of the attorney stated in the case should have protected the defendant, even if more was received than the law allowed; but the judge charged the jury that the defendant was bound to know the law, and was liable to the penalty of fifty dollars, unless the sum was received under some mistake or misapprehension. Grant that the defendant was bound, as all others are, to know the statute law, yet it does not follow that he knew. what sum the attorney would take for the copies; nor was he bound to know, against the information of the attorney, that $2,50 was too much. Had he demanded the pay himself, he might have been under obligation to count the words; but merely certifying and returning the copies to the attorney cannot make him liable to the penalty for the act of the attorney. It was the

duty of the plaintiff to show affirmatively that the defendant knowingly and unlawfully demanded and received the sum of $2,50 as alleged in the writ, whereas the court decided that if he assented to the attorney's receiving it, that was sufficient, as he was bound to know the law.

The evidence of the plaintiff tending to show that the defendant admitted that the charge of $2,50 for the copies was his charge, and that he authorized the attorney to receive that sum, was evidently a mistake of the witness, or a misapprehension of the defendant; for the evidence of the attorney distinctly shows that such was not the fact.

Was $2,50 too much? The declaration specifies the various services rendered by the defendant in said action, upon the requirement of the defendant, to be — first, the grant of the appeal; secondly, the recognizances of the defendant and two sureties; and, thirdly, the making and certifying the copies. Here were then three descriptions of service, and the writ alleges not for any particular service, but for " said services." We say then there should be added to the price of the copies, 17 cents for the appeal, and 68 cents for the four recognizances.

The certificates upon the various copies were no part of the copies. It was necessary that they should be recorded on each document to perfect the same, and each certificate being less than a page, the proper charge therefor is eight cents. The general certificate is merely that the enclosed papers, numbered, &c., contain all the copies in the case. The particular certificate recorded upon each copy is according to the long established usage, and, as we believe, necessary to give validity to each document.

By the ruling of the court, if one side of a sheet contains 224 words, and the other 223, making in all 447, the copy only amounts to 20½ cents,—add one word more, and it would amount to 25 cents. By the part less than a page is meant a separate paper in the record, containing less than a page.

The writ alleges that the defendant was entitled to receive for the services, &c., $1,68, and no more; the proof is that he was

entitled to at least $2,12½. This is a material variance. *Greene v. Rennet*, 1 Term Rep. 656; *Pope v. Foster*, 4 do. 590.

In debt for rent, the defendant may, under the general issue, take advantage of a variance between the actual rent reserved, and that stated in the declaration. 2 Ld. Raymd. 793.

The allegation that the defendant was entitled to receive $1,68, was descriptive of his rights, and should be proved.

WOODS, J. The defendant was entitled to receive the fees to which a recording or certifying officer is entitled by virtue of section 3, ch. 229, of the Revised Statutes. That section provides that "To all recording or certifying officers, there shall be allowed, for each page of two hundred twenty-four words, copied or recorded, twelve and a half cents; for any part less than a page, eight cents; and for every certificate on a copy of a whole case, ten cents."

The first question for consideration arises upon the ruling of the court, which was to the effect that the several certificates of the justice, appended to the various copies composing the entire copy of the case, were to be computed merely as a part of the copies of the case, and were not to be regarded as separate documents, and estimated as fractional parts of a page, and as such estimated at eight cents each. If there be any error in this ruling, it consists in determining that the certificates are a part of the copies at all. They are not, in fact, any portion of the copies, but only attestations thereof. And we are of opinion that the statute is not to be construed as embracing these certificates within the provisions prescribing compensation for copies. Payment is to be made "for each page of two hundred twenty-four words copied or recorded," &c. Now the certificate of the justice, that what precedes it is a true copy, cannot itself be a copy, nor does it purport to be. And the same action, as we have seen, calls it "a certificate on a copy." If, then, the certificates cannot be treated as constituting any part of the copies, they clearly cannot be considered as fractional parts of pages of copies, and proper to be compensated for as such, as the

Fowler *v.* Tuttle.

plaintiffs contend they are. Moreover, the statute provides a compensation for a single certificate on a copy of the whole case. One certificate, then, for each case can alone be properly compensated for under the statute. And it is apparent that one is sufficient. A single attestation or certificate upon an envelope embracing the whole case, and referring to each of the parts of the case by number or other designation, is sufficient. For a single certificate, compensation is allowed, and the allowance is in terms for the " certificate," and not for that as a part of the copies, and to be paid for as such. The ruling of the court below, although found to be erroneous, was nevertheless too favorable to the defendant, and therefore forms no legal cause entitling him to a new trial.

It was claimed at the trial, by the defendant, that if any single paper, constituting a part of the copies of the case itself, contained more than two hundred and twenty-four words, and less than four hundred and forty-eight words, the same should be taken and compensated for as two pages ; but the court ruled that it was to be taken only as a page and a part of a page. We think the ruling of the court, as it is understood by us, was entirely correct. The true rule of compensation of pages under the statute, as we think, is plain and simple. The entire number of words of the whole copy of a case is to be ascertained by a count, and the whole number of words thus determined is to be divided by 224, the number of words constituting a page, and the quotient will give the number of entire pages of the whole case, and these are to be compensated for at twelve and a half cents per page; and if there be a remainder, or fractional part of a page, that is to be treated as a part of a page, for which eight cents more are to be paid. The fact that the entire copy of the case is made up of various papers or various parts, cannot affect or alter the mode of computation. The whole case is to be regarded as an entirety—as one copy—consisting of various parts, to be sure, but, nevertheless, only one copy of the case, and to be compensated for as such, according to the rule already suggested. The provisions of the statute furnish no

ground for holding the rule of computation to be such as the defendant contends for. If the number of words upon a single paper be found to exceed 224, but to be less than 448, the excess is to be added to the words upon the other papers composing the copies of the whole case, and if there be enough in all to amount to 448, then the same must be reckoned as two pages ; but if otherwise, only as one page and a part of a page, in conformity with the ruling at the trial. The statute provides for no number of words less than 224 as constituting one page, nor for any number less than 448 as constituting two pages, nor for any number of words as constituting a part of a page, to be compensated for as such, excepting such fractional part of a page as shall be found to remain after the ascertainment of all the entire pages, upon the rule already stated. The ruling of the court then was clearly right, that any number of words found written upon one paper of the copies of a case, exceeding 224 but less than 448, were not to be taken as two pages. If the ruling were understood to be that the number of words in such a case, beyond 224 on each paper of the case, are to be taken as a part of a page, and to be compensated for as a part of a page each, under the statute, at eight cents for each of such parts of pages, the ruling must be regarded as erroneous, as being too favorable to the defendant, who excepts to it. But we assume that the ruling having reference to the parts of a page, in this case, was only to the effect that in such a case the number of words beyond 224, that should be found on any of the papers of the case, was not of itself to be regarded as an entire page, but only was to be added in the computation to the other words of the other papers, and constitute in that way a part of a page of the copies, and be paid for as such. In either view, however, the defendant would have no cause of complaint.

It was contended at the trial that the services for which the $2,50 was demanded and received, according to the allegations in the writ, were not only the making of the copies and the certificates thereon, but also the granting of the appeal and the taking of the recognizance in the case. But we think the dec-

laration is not necessarily thus to be construed.   And indeed we think that is not the most obvious or the legal construction.   The allegation of the fact of the granting of the appeal, and of the taking of the recognizance, is contained in one paragraph, while the allegation of the preparation and furnishing of the copies is in a separate and independent one ; and in the last mentioned paragraph is found the further allegation, " for which services said James Tuttle, Jr., was entitled to demand and receive the sum of one dollar and fifty-eight cents, and for the certificate on the whole case, ten cents, and no more."   We think it quite obvious and clear that the relative, " which services," found in the last paragraph, referred only to the services previously described in the same paragraph, namely, the. preparation and furnishing of the copies to the plaintiff.   In the third paragraph of the decla- ration it is averred that the said James Tuttle, Jr., did know- ingly and unlawfully demand and take a greater fee " for said services" than by law he was entitled, to wit., the sum of two dollars and fifty cents.   And we think the term " said services" in this last paragraph referred only to the services specified in the paragraph next preceding that in which this relative is found. The reference is to the antecedent next preceding the relative. Certainly that must be the construction where there is any am- biguity in reference to the antecedent referred to.   Here the reference might be to the services rendered in granting the appeal and taking the recognizance alone, or it might be to those services, together with the services rendered in preparing and furnishing the copies and in making the certificate thereon ; or, it might be to the services rendered in preparing and furnishing the copies and certificates only.   But the question is, what was the antecedent to which the pleading refers ?   And we think upon a fair and legal construction of the declaration, the latter branch of the services mentioned must be taken to be the ante- cedent referred to by the relative next succeeding it.

This view is in accordance with the rule of construction appli- cable to statutes, contained in the Revised Statutes, ch. 1, § 12. It is there provided that the words " said" and " such," when

used by way of reference to any person or thing, shall apply to the same person or thing last mentioned. And the principle of construction, stated by Mr. Comyn, and cited by the plaintiffs' counsel, is a very reasonable one, namely: that where an averment admits of two intendments, that shall be preferred which will uphold the pleading. Comyn's Dig., Pl. C, 25 ; see, also, 4 Taunton 492 ; 5 East 257 ; 1 Saund. Pl. & Ev. 416. On the whole we are clearly of the opinion that the presiding justice was entirely correct in holding that in computing the services for which it was declared in the writ that $2,50 were paid, the granting of the appeal and the taking of the recognizance were not to be included. And the allegations of the declaration thus understood, were fully supported in this particular by the evidence in the case.

It was alleged in the writ that the defendant was entitled to receive the sum of one dollar and fifty-eight cents for " said services," and for the certificate on the copy of the whole case, ten cents, and no more ; but the proof showed that the defendant was entitled to receive for the copies $2,02½. The court below ruled that the variance was immaterial, and to be disregarded. We think the ruling was correct. The whole penalty was incurred if any thing more was taken than was allowed by the statute. It is not a case where the penalty is graduated according to the amount of the excess received above the lawful sum, as in the case of usury, where the true sum should be stated. The averment here stated a sum to which the defendant was entitled, and the taking of a larger sum, and therefore stated a perfect cause of action. The proof showed that the defendant was entitled to a larger sum than that to which he was alleged to be entitled, and also that he demanded and received a larger sum than that to which he was in fact entitled. The material matter to be averred and proved was, that the defendant received of the plaintiffs a greater amount of fees than by law he was entitled to receive. All that was done. The proof did not agree with the averment in the declaration in point of amount, as to the sum to which the defendant was entitled, but

did correspond with it in relation to the amount actually received. The evidence then did not agree with the declaration as to the amount of the excess received -beyond the lawful fees, but did show an excess in point of fact. The want of agreement between the declaration and proof in relation to the amount of fees to which the party was entitled for the services rendered, is an immaterial variance, and cannot affect the verdict. The averment of the amount to which the party was entitled was wholly an immaterial averment, and therefore might well be regarded as surplusage. In cases like the present, it is only necessary to state the sum actually received, and that the same is more than at the time of taking was allowed by law. 2 Chitty's Pl. 303. In *Livermore* v. *Boswell*, 4 Mass. Rep. 437, *Parsons*, Ch. J., remarks : " The second objection is that there is no allegation of the sum levied and collected by force of the execution. It is alleged that for levying and collecting fifteen dollars, the defendant received four dollars, and that the fees received were greater than are allowed by law for poundage and travel, which is certain enough. For it is not necessary to set forth the whole transaction in this case, as in usury, where the illegal contract must be precisely set forth and proved." The exception of the defendant to the ruling of the court in this particular, cannot avail him.

It was objected at the trial that it was not alleged in the plaintiffs' writ that the $2,50 were received by the defendant within one year next before the time of the commencement of this action, and that alleged omission was made a ground of motion in arrest of judgment. The writ was dated on the 17th day of November, 1848, and the allegation in the declaration is that the copies were furnished and tendered to the plaintiffs on the 13th day of November, 1848, and the defendant did knowingly and unlawfully demand and take a greater fee for " said services" than by law he was entitled to, to wit., the sum of $2,25, &c. It appears upon the writ, then, as far as any matter appears, that the services for which the payment was made were performed and completed, and the payment therefor demanded and received on the 13th day of November, 1848, and from the date of the

writ that the action was commenced on the 17th day of November, 1848. And although it is not directly averred that the $2,50 were received within one year next before the date of the writ, yet it is averred that the defendant did demand and receive for said services a greater fee than by law he was entitled to, which is the offence of which complaint is made in the writ, and which, being received " for said services," can only be understood as having been received after the performance of the services, and consequently within one year next before the commencement of this action. But if the declaration is to be construed otherwise, and not as containing an allegation that the offence was committed within one year next before the time of commencing the action, the omission of that averment is immaterial, and will not vitiate the declarations. It would seem to be well settled that even where the particular statute giving the penalty limits the time within which the action for the recovery of the penalty should be commenced, although it is usual to aver that the offence by which it was incurred was committed within such time, yet such averment is not material. *Lee* v. *Clarke*, 2 East 333, 342; *King* v. *Steventon*, 2 East 362; 1 Chitty's Pl. 372, (Ed. of 1840;) 2 Saund. Pl. & Ev. 830. The statute upon which this action is founded does not limit the time within which the action should be brought. Rev. Statutes, ch. 229, § 25. The limitation is contained in another statute. Rev. Stat., ch. 211, § 9. We think it was then clearly not necessary to aver in the declaration the reception of the $2,50 within one year next before the commencement of the action, or by averment to negative the fact of the limitation of the right of action at the time it was brought. *Vavasour* v. *Ormond*, 6 B. & C., 431. The limitation in such a case is matter which should more properly come from the other side, and therefore comes within the well settled rule that in such a case it need not be stated or negatived. That a *prima facie* case was here stated in the declaration cannot be doubted; and that is sufficient. 1 Chitty's Pl. 222, (Ed. of 1840.) In the case of *Pike* v. *Jenkins*, 12 N. H. Rep. 255, which was debt on a penal statute, the defence

of the statute of limitations was interposed under the plea of the general issue. A similar defence was allowed in a similar action in Maine. *Moore* v. *Smith*, 5 Greenl. Rep. 490. It is apparent from those two cases that the limitation of the action in a case like the present is a matter of defence, properly coming from the defendant. The motion in arrest of judgment, founded upon this exception to the declaration, cannot prevail.

We entertain no doubt of the entire correctness of the charge of the court to the jury, that the reception of the $2,50 by the attorney of the defendant, subsequently assented to, and recognized by the defendant as being done by his authority, must be regarded as being the same as if it had been received by the defendant in person, and rendered him liable to the penalty of fifty dollars. And we think it is equally clear that if he acted under any misapprehension or mistake, the burthen of proof was on him to show it. This is but reasonable, since the party is presumed to know the law. The act of the attorney, done in behalf of the principal, and adopted by him, becomes the act of the principal. The money in the hands of the attorney was the money of the defendant, and the fact that he, in fulfilment of a prior agreement, left one half of the sum received in the hands of the attorney, as a compensation for his services performed for the defendant, cannot alter the case.

The reply of the juror to the inquiries of his brother as to the result of the trial, had before him on the previous day, could of itself work no prejudice to the defendant; nor does it indicate any bias in favor of the plaintiff or defendant in the decision of the cause. The verdict had been agreed upon on the previous evening, and on the morning before returning the verdict into court, the juror told his brother, in reply to his inquiry respecting it, that it had gone in favor of the plaintiff. It would have been more in accordance with a just sense of propriety on the part of the juror, if he had declined giving the information sought. Still, since it is seen that it did not influence and could not influence the verdict, and furnished no evidence of partiality or misconduct on the part of the juror in determining upon it, we are

of opinion that the motion of the defendant to set aside the verdict upon this ground must be overruled.

The present action is debt for a penalty, for taking illegal fees, as a magistrate, for the copies of a case upon an appeal. The penalty is claimed for an alleged violation of section 25, ch. 229, of the Revised Statutes. The language of that section is as follows, namely : " If any person shall demand and take any greater fee for any service than is allowed by law, or any fee to which he is not by law entitled, he shall forfeit fifty dollars for each offence, to the person who will sue for the same." The action is brought by William W. Fowler and Henry S. Plumer as copartners, jointly negotiating business as a firm, who claim to be entitled to the penalty and a right to recover it in that capacity. But we are all of the opinion that the statute gives the penalty only to such individual as shall entitle himself to it by first commencing an action for its recovery. It was not the design of the statute to give the penalty and right of action for its recovery to two or more individuals, who should be copartners for other lawful purposes, nor to such as should associate themselves together and form a copartnership, or a combination or alliance, for the prosecution of an individual for the recovery of a penalty alleged to be incurred. If the statute might be regarded as giving the right of action to two persons sueing as a partnership, or to two persons who might see fit to commence a joint action, so, upon the same rule of construction, the action might be commenced in behalf of many individuals ;—of ten, fifty, or a hundred, or of a greater number. By the most obvious construction of the language of the act, the right of action, as we think, is limited to the individual who shall first, in good faith, commence and prosecute the action, and to him alone. It is not redress for an injury sustained, that is sought or obtained by the action. The party injured is entitled to his remedy, notwithstanding the recovery and payment of the penalty. And partnerships as well as all others are entitled to redress according to the injury sustained. The forfeiture of a penalty is created by statute for another and different object, and not by way of redress

to the injured party. It is given by way of example; its object being to deter the party who may have violated the law, and incurred the penalty, and others, from all further extortionate practices. It is in the nature of a penalty for a crime, although the forms of proceeding in the case are not such as are ordinarily adopted for the punishment of crimes. The fact, then, that the individuals injured have brought the action, can furnish no reason why they should be allowed to maintain it, which is not equally applicable in the case of an action commenced by others associated for the purpose. No precedent for the present proceeding has been shown to us by counsel, or found by ourselves. The case is one we think of entirely new impression. No such action, we think, has been maintained in this State, unless it may have been in a case where the penalty may be given in terms to the parties injured. It would not, in our opinion, be in accordance with sound policy, or the analogies of the law, to encourage the combination of men to prosecute for the recovery of mere pecuniary penalties, lest, in doing so, the system should be found fraught with the production rather than the prevention of wrongs. Actions are sometimes commenced for the purpose of oppression, and not for the redress of wrongs. To give the statute the construction contended for by the plaintiffs, would be calculated to increase litigation, which it is not the policy of the law to do, and it is not to be presumed was the design of the statute. No construction should be given it calculated to lead to unnecessary litigation. Such a construction would be attended with mischiefs not contemplated as the objects of the act. We are all fully satisfied that every legitimate object of the statute may be accomplished upon the construction we place upon it; that it is the most natural construction of the language of the act, and that in view of the consequences of allowing many individuals to associate for the purpose of commencing and maintaining actions of the character in question, we would not be justified in holding that this action may be maintained. The effect of the decision is not to shield the defendant from the just penalty of the law, if he has violated the act, as

the plaintiffs allege, but it leaves the matter open to such parties as shall be found entitled and willing to commence new proceedings for the recovery of the alleged penalty. Upon this ground of exception to the declaration, the judgment must be arrested, according to the motion of the defendant.

*Judgment arrested.*