## OPINION

OF THE JUSTICES OF THE SUPREME JUDICIAL COURT UPON THE ACT
ENTITLED AN ACT TO ESTABLISH THE OFFICE OF AUDITOR OF AC-
COUNTS.

*To His Excellency Joseph A. Gilmore, Governor of New Hampshire, and the Honorable Council:*

The undersigned Justices of the Supreme Judicial Court, in accordance with the foregoing request, submit the following opinion:

The first section of the act in question provides that "there shall be elected by the two branches of Legislature in concurrence, during the present session, and in the month of June in each succeeding year, an officer to be styled Auditor of Accounts, who shall continue in office, one year and until a successor be duly chosen and qualified. He shall give bond to the treasurer with sufficient sureties, to be approved by the governor with the advice and consent of the council, in the sum of fifty thousand dollars, for the faithful discharge of the duties of his office. In case of any vacancy in said office by death, resignation or otherwise, a successor shall be appointed according to the above provisions: *Provided* that if such vacancy shall happen during the recess of the legislature, such successor may be appointed by the governor with the advice and consent of the council, and shall hold his office until a successor be chosen by the legislature and qualified."

Section two provides that "the Auditor shall examine all accounts and demands against the State, except for such sums as may be due on account of the principal or interest of any public debt, or of the pay-rolls of the council, senate, or house of representatives, and shall certify the amount due on any such demand, the head of the expenditure to which the same is to be charged and the law authorizing the payment thereof, to the governor, who may then draw his warrant therefor, as provided by the constitution, and all such certificates shall be recorded by the Auditor in a book to be kept for that purpose; no warrant shall be drawn for the payment of any account or demand, except the said pay-rolls, which has not been certified as above, and all receipts given by the treasurer shall be approved and countersigned by the Auditor, and no such receipt shall be valid until so countersigned, and as soon as may be, after the drawing of any warrant, the secretary shall transmit to the Auditor a written statement of the amount and purport of the same."

The other sections of the act referred to, specify some further duties of the Auditor, point out the method of procedure, when claims are disallowed by the Auditor, the nature and amount of evidence he shall be entitled to receive or to require, the manner of keeping his accounts

and in what manner, by whom and when they shall be audited, and provide for the Auditor's salary and the establishment of an office, &c.

Section nine repeals all acts and resolutions inconsistent with the provisions of this act.

Section ten provides that this act shall be in force from and after its passage.

This act was approved July 16th, 1864.

Here we have an act going into effect immediately upon its passage, and being now in force, which provides for the election or appointment of an Auditor, and also providing that no warrant shall be drawn for the payment of any account or demand, (except certain pay-rolls,) which has not been certified by said Auditor, and also provides that all receipts given by the treasurer, shall be countersigned by said Auditor, and that no such receipt shall be valid unless so countersigned, and yet no Auditor was elected during the session of the legislature as was provided in section first. And the question now is, whether an Auditor can be appointed by the governor and council, or whether all accounts and demands against the State must remain unpaid till next June, for want of the certificate of an Auditor, and all receipts given by the State treasurer, such as receipts to the towns for State taxes and all other money which the law requires should be paid to him, shall be and continue invalid, to the same time, because not countersigned by such Auditor?

Every consideration of convenience and of public policy would urge such a construction of the act if it can properly be given, as to allow of the appointment of the Auditor by the governor and council at this time. Nor can there be any doubt as to the intention of the legislature that the act should go into immediate effect.

At the time of its passage they did not of course anticipate that the two branches of the legislature would, after repeated ballotings and the report of a committee of conference, be unable to unite upon the same candidate, and hence, as the act requires an election in concurrence, that no election would be made, which is the reason why they spoke of a *successor* being appointed in case of vacancy instead of speaking of an incumbent or an Auditor. But they evidently intended to make provision for every case that they supposed could possibly arise.

And the question is, whether the language they have used is fairly capable of such a construction as will cover the vacancy in question? For, where the intention of the legislature is plain, as in this case, it is the duty of the court so to construe the act as to carry out those intentions, when the language used will fairly admit of such construction. *Fairbanks* v. *Antrim*, 2 N. H. Rep., 105. And when the meaning of the words used are doubtful, or they are susceptible of a double construction, that sense is to be adopted which best harmonizes with the context, and the apparent policy and objects of the legislature. *Pike* v. *Jenkins*, 12 N. H. Rep. 255.

Here the provision is, "in case of any vacancy in said office by death, resignation or otherwise, a successor shall be appointed, &c." There is now a vacancy in said office unquestionably; because the office has been

created, and the law creating it is in force and the office is not filled, but is vacant. The term "vacancy" means an empty space, a place unfilled, and when applied to an office, it means the state of being destitute of an incumbent or a want of the proper officer, to officiate in such office. But in neither case has it any reference whatever to any former time, or any former condition of the place or office. If a place is empty now, there is a vacancy, and it matters not whether it has once been filled, or whether it has always been empty. And so of an office. So far, then, all is plain.

But the subsequent proviso is, that, "if such vacancy shall happen during the recess of the legislature," such successor may be appointed, &c., and shall hold his office, &c. Now the word "happen" may have many significations or meanings, depending much upon its connection with other words, and the circumstances under which it is used. Here the expression is "if *such* vacancy shall happen, &c," the word *such* referring to the vacancy just mentioned, which might exist in consequence of death, resignation or *otherwise*, that is in any way or from any cause whatever. "If any *such* vacancy shall HAPPEN," that is, shall occur, shall chance to exist, shall happen to be, during the recess of the legislature, &c. The substance of both these sentences might be expressed in this way without doing any violence to the language, "if there shall happen to be, during the recess of the legislature, any vacancy in said office, which may exist in consequence of death, resignation or in any other way, or for any other cause," such successor may be appointed by the governor, &c. Believing that such a construction may fairly be given to the language of the act, and that by giving it that construction we should be only giving effect to the clear intent and will of the legislature, our opinion is that the governor and council have a legal right to appoint an Auditor under the act in question.

It, therefore, becomes unnecessary to answer your second inquiry any further than what may have been incidentally done in answering the first.

SAMUEL D. BELL,
J. E. SARGENT,
H. A. BELLOWS,
GEO. W. NESMITH,
WILLIAM H. BARTLETT.